UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>        Plaintiff,<br><br>   v.<br><br>A.B. OROZCO, et al.,<br><br>        Defendants. | No. 2:16-cv-1738 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    Application to Proceed In Forma Pauperis

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. However, based on plaintiff's supplemental memorandum and declaration, it appears that he may be subject to the three strikes restriction on in forma pauperis status. ECF Nos. 8, 9. Even if so, the three strikes provision of the Prison Litigation Reform Act does not bar a plaintiff from proceeding in forma pauperis in a civil rights action if he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g). This "exception applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious

1

physical injury at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (2007) (internal quotation marks omitted). "Imminent" refers both to "events that are already taking place . . . [and] those events [that are] 'ready to take place' or 'hanging threateningly over one's head.'" Id. at 1056 (citations omitted). The first amended complaint alleges that as a result of defendants' actions, plaintiff daily experiences "agonizing pain" and other symptoms, and that such pain existed at the time he brought this action. ECF No. 8 at 5-6; ECF No. 11 at 11. Plaintiff has sufficiently alleged that he is in imminent danger of serious physical injury, and that such danger existed when he filed both the original and first amended complaints. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"

Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Before the court could screen the original complaint, plaintiff filed a first amended complaint. The court will therefore proceed to screen the first amended complaint. The first amended complaint alleges that defendants Orozco, Grout, Neuschmid, and Sahota are liable

3

under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs and that these violations were the result of a conspiracy. Plaintiff further alleges violations of the ADA and the Due Process Clause of the Fourteenth Amendment, and also brings a state tort claim for fraud.

Plaintiff states that he suffers from benign prostatic hyperplasia, or enlarged prostate. ECF No. 11 at 7-8. He reports that his symptoms include an "(i) inability to await restroom access; (ii) High Frequency urination; and (iii) blood loss/vessel rupture . . . concomitant with bladder distention." Id. at 10 (alteration in original and internal quotation marks omitted). Plaintiff references and provides two Comprehensive Accommodation Chronos, one-page documents filled out by a physician detailing what accommodations, if any, are required due to a prisoner's medical conditions. Id. at 5-6, 22-23. On the first Chrono, dated June 13, 2014, the physician wrote that plaintiff required a single-cell placement on a permanent basis. Id. at 22. On the second Chrono, dated June 25, 2014, another physician also determined that plaintiff needed a single cell, but marked the "temporary" box rather than permanent, noting that the need should be reassessed in twelve months. Id. at 23.

Plaintiff provides further documentation detailing the Institutional Classification Committee (ICC) hearing that took place on October 30, 2014, where he claims that he was denied single cell status in complete disregard of the Chronos. Id. at 4-6, 28. The report states that defendant Sahota was present during the hearing and noted his medical concerns, but stated that a single cell was not necessary or recommended by medical staff. Id. at 28. Plaintiff alleges that Sahota was pressured into disregarding the Chronos and that, immediately prior to this hearing, he overheard defendant-committee members Grout, Orozco, and Neuschmid coaching defendant Sahota to factor medical concerns out of the decision-making process. Id. at 4, 6.

Plaintiff alleges that as a result of his placement in a double cell, he experiences daily episodes of distended bladder, vessel rupture, and agonizing pain, resulting in permanent damage to his bladder. Id. at 11. He also states that he suffered an inguinal hernia in August 2016 as a result of straining-related trauma. Id. Plaintiff seeks injunctive relief in the form of single-cell status, as well as compensatory, exemplary, and special damages. Id. at 17.

IV. Claims for Which a Response Will Be Required

    A. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Indications to alert prison staff that a prisoner has a serious medical need include: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citations omitted), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1036 (9th Cir. 1997) (en banc).

A prison official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official's "act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citation omitted).

Plaintiff alleges that he has suffered permanent organ damage from failure to accommodate his medical condition, and that his chronic pain and other symptoms affect his daily activities and capabilities. ECF No. 11 at 11. He further states that defendants Orozco, Grout, Neuschmid, and Sahota were aware of his needs as recommended and documented by at least some of his treating physicians. Id. 6-7, 11. Construing the pleading in the light most favorable to plaintiff, he has pled sufficient facts to state a claim for deliberate indifference to medical needs, and all defendants will be required to respond to the claim.

B. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)), and an actual deprivation of constitutional rights as a result of the alleged conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." United Steelworkers, 865 F.2d at 1541 (citation omitted). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. Woodrum, 866 F.2d at 1126; Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, plaintiff alleges that immediately prior to his October 30, 2014 ICC hearing, he overheard defendants Grout, Orozco, and Neuschmid "coaching" defendant Sahota on what to say during the hearing "to factor medical OUT of the decision-making process." ECF No. 11 at 6. Plaintiff's allegations precisely align with the elements of conspiracy: he asserts that defendants agreed to improperly assess his medical needs, and that this agreement directly led to deprivation of proper medical care and plaintiff's long-term pain and injuries. Construing the pleading in the light most favorable to plaintiff, plaintiff has pled sufficient facts to state a claim for conspiracy, and all defendants will be required to respond to the claim.

C. Americans with Disabilities Act (ADA)

Plaintiff appears to bring his next claim under Title III of the ADA. Id. at 7 (citing 42 U.S.C. § 12182). However, "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210

(1998) (quoting 42 U.S.C. § 12131(1)(B)). The court will therefore construe plaintiff's ADA claim as arising under Title II, which governs public entities.

A plaintiff cannot bring an individual capacity claim under Title II. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)). Plaintiff also "cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). However, plaintiff has explicitly brought his claim against defendants in their official capacities. ECF No. 11 at 10.

In order to state a claim under Title II of the ADA, plaintiff must allege that:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citing Weinreich v. Los Angeles Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)). The term "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). The ADA explicitly includes bladder function under the category of major life activities. 42 U.S.C. § 12102(2)(B). Therefore, under the facts pleaded, plaintiff qualifies as an individual with a disability.

Generally, public entities must "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). Plaintiff bears the burden of establishing the existence of a reasonable accommodation that would

enable him to access the program, service, or activity at issue. Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1046-47 (9th Cir. 1999). The reasonableness of an accommodation must be evaluated in light of the specific circumstances of a plaintiff's request. Id. at 1048. Plaintiff alleges that, as a state prisoner, he is entitled to receive the benefit of adequate restroom access and currently suffers inadequate restroom access as compared to non-disabled prisoners. He has identified the existence of an accommodation, a single-occupancy cell. Construing the pleading in the light most favorable to plaintiff, he has pled sufficient facts to state a claim under Title II of the ADA, and all defendants will be required to respond to the complaint.

V. Failure to State a Claim

    A. Fraud

> The elements of actionable fraud . . . are: (1) a false representation, actual or implied, or the concealment of a matter of fact, material to the transaction, made falsely; (2) knowledge of the falsity, or statements made with such disregard and recklessness that knowledge is inferred; (3) intent to induce another into relying on the representation; (4) reliance by one who has a right to rely; and (5) resulting damage.

Pearson v. Norton, 230 Cal. App. 2d 1, 7 (Cal. Ct. App. 1964) (citation omitted). All elements must be present for a claim to be successful. Id. at 7-8.

Although plaintiff alleges that defendants made a false representation, the factual predicate of the complaint does not establish the elements of fraud. Plaintiff does not contend that anyone was deceived by the defendants' alleged misrepresentation; rather, defendants allegedly manufactured the false statement about his medical needs to justify their decision to deny him single cell status. This type of misrepresentation simply does not sound in fraud as a matter of law. The claim of fraud should therefore be dismissed without leave to amend.

    B. Due Process Clause

Under the Due Process Clause of the Fourteenth Amendment, the state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A due process claim requires a constitutionally protected liberty or property interest. Ingraham v. Wright, 430 U.S. 651, 672 (1977). "Constitutionally protected liberty interests can arise under either state law or the Due Process Clause." Duffy v. Riveland, 98 F.3d 447, 456-57

(9th Cir. 1996) (citing Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)). The Constitution itself does not confer on inmates a liberty interest in avoiding the more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Further, prisoners have no federally protected liberty interest in their classification status or similar administrative decisions. Hernandez, 833 F.2d at 1318.

Plaintiff alleges that the defendants' conspiracy to deny his request for single cell status deprived him of a fair hearing in violation of the Due Process Clause of the Fourteenth Amendment. ECF No. 11 at 5. While the facts alleged state a constitutional claim for conspiracy and deliberate indifference to serious medical needs, as discussed above, they do not amount to a deprivation covered by the Due Process Clause because plaintiff had no protected interest in his single cell status. Therefore, to the extent that plaintiff has raised a claim for violation of his rights under the Due Process Clause of the Fourteen Amendment, it should be dismissed without leave to amend for failure to state a claim.

### C. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's fraud and due process allegations fail to state claims for relief and amendment would be futile. These claims should therefore be dismissed without leave to amend.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  Your deliberate indifference, conspiracy, and ADA claims against defendants Orozco, Grout, Neuschmid, and Sahota state claims, and defendants will be required to respond to that part of the complaint.  You will be provided with service documents to complete and return to the court.  Once the completed service documents are returned to the court, the United States Marshal will be directed to serve defendants Orozco, Grout, Neuschmid, and Sahota.  You should not try to serve the defendants yourself.

Your fraud claim and your due process claim do not state claims for relief.  Your allegation of fraud does not state a claim because the decision was not based on the false statement about your medical needs.  Instead, the false statement was used to justify the decision.  Your allegation that the defendants violated the Due Process Clause of the Fourteenth Amendment does not state a claim because the Due Process Clause does not cover issues with your classification status.  Because of this, it is being recommended that these claims be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendants Orozco, Grout, Neuschmid, and Sahota on plaintiff's Eighth Amendment medical indifference and conspiracy claims, as well as his ADA claim, as set forth above in Section IV.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet, and a copy of the first amended complaint filed May 23, 2017 (ECF No. 11).

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each of the following defendants: Orozco, Grout, Neuschmid, and Sahota; and

    d. Five copies of the endorsed first amended complaint filed May 23, 2017.

  6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  IT IS FURTHER RECOMMENDED that, as set forth above in Section V, plaintiff's fraud and due process claims be dismissed without leave to amend.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

  IT IS SO ORDERED.

DATED: September 17, 2018

                      /s/ Allison Claire
                      ALLISON CLAIRE
                      UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | UNITED STATES DISTRICT COURT |
| 8 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| J.L. HOWZE, | No. 2:16-cv-1738 JAM AC P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| OROZCO, et al., | |
| Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed _____:

     __1__     completed summons form

     __4__     completed forms USM-285

     __5__     copies of the first amended complaint

DATED:

_____
J.L. Howze

1