8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J.L. HOWZE,                              No. 2:16-cv-1738 JAM AC P

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   A.B. OROZCO, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the Court is defendants Grout, Neuschmid, and Orozco's motion

19   to dismiss (ECF No. 24), which has been joined by defendant Sahota (ECF No. 29).  Plaintiff

20   opposes the motion.  ECF No. 30.

21        I.    Procedural History

22        By order and findings and recommendations filed September 17, 2018, the undersigned

23   screened the first amended complaint and found that plaintiff had stated claims for relief against

24   defendants Grout, Neuschmid, Orozco, and Sahota for deliberate indifference to his serious

25   medical needs, conspiracy, and violation of his rights under Title II of the Americans with

26   Disabilities Act (ADA).  ECF No. 14 at 10.  It was further recommended that plaintiff's fraud and

27   due process claims be denied without leave to amend (id. at 11), and the District Judge adopted

28   the findings and recommendations in full (ECF No. 23).  In lieu of an answer, defendants Grout,

                                        1

1  Neuschmid, and Orozco filed a motion to dismiss (ECF No. 24), which was later joined by

2  defendant Sahota (ECF No. 29), who is represented by separate counsel.  Plaintiff opposed the

3  motion to dismiss (ECF No. 30), and after defendants Grout, Neuschmid, and Orozco filed their

4  reply (ECF No. 31), plaintiff filed a further, supplemental opposition (ECF No. 32).  Defendants

5  Grout, Neuschmid, and Orozco have moved to strike the supplemental opposition as an

6  unauthorized sur-reply (ECF No. 33), and plaintiff requests it be considered as a supplemental

7  pleading (ECF No. 34).

8       II.    Plaintiff's Allegations

9        Plaintiff's remaining claims allege that defendants Orozco, Grout, Neuschmid, and Sahota

10  violated his rights under the ADA and conspired to and did violate his rights under the Eighth

11  Amendment.  ECF No. 11 at 6-10.  Specifically, he asserts that he suffered and continues to suffer

12  from benign prostatic hyperplasia (BPH), which includes symptoms such as "(i) inability to await

13  restroom access; (ii) High Frequency urination; and (iii) blood loss/vessel rupture . . . concomitant

14  with bladder distention."  Id. at 7-8, 10 (alteration in original and internal quotation marks

15  omitted).  As a result of his BPH, plaintiff requires a single-cell housing accommodation to

16  ensure that he has prompt access to a toilet in order to avoid injury, and he had a medical order

17  for such an accommodation in June 2014.  Id. at 11-12.  However, on October 30, 2014, at an

18  Institutional Classification Committee (ICC) hearing, defendant Sahota lied and said that

19  plaintiff's medical condition did not require him to be single celled, and Orozco, Grout, and

20  Neuschmid denied him single-cell status in complete disregard of his medical chronos.  Id. at 4-6.

21  Plaintiff further alleges that prior to the hearing he overheard Orozco, Grout, and Neuschmid

22  pressuring Sahota into disregarding the chronos and "'coaching' Sahota on what to say . . . to

23  factor medical OUT of the decision-making process."  Id. at 6 (emphasis in original).  Plaintiff

24  seeks damages against defendants in both their individual and official capacities, and injunctive

25  relief in the form of a single-cell accommodation.  Id. at 17.

26      III.    Motion to Dismiss

27        Defendants move to dismiss the complaint on the ground that it is barred by the judgement

28  ////

2

1    in <u>Howze v. CDCR</u> (<u>Howze I</u>), No. 2:14-cv-4067 (C.D. Cal.).[1]  ECF No. 24-1 at 3-6.  They argue

2    that issue preclusion bars the present action because there was a final judgment on the merits in

3    <u>Howze I</u>, to which plaintiff was a party, and the court in <u>Howze I</u> determined that denying

4    plaintiff a single-cell designation was not deliberately indifferent, thereby barring his re-litigation

5    of the issue.  <u>Id.</u>  Defendants further argue that plaintiff's claim for injunctive relief is barred by

6    the <u>Armstrong</u> class action and is also moot as a result of his transfer to another prison.  <u>Id.</u> at 6-7.

7         Plaintiff opposes the motion and argues that the instant case arises from a different set of

8    facts and has different defendants than <u>Howze I</u>.  ECF No. 30 at 1-3.  He also argues that his

9    ADA claim cannot be brought as part of the <u>Armstrong</u> class action and his request for injunctive

10   relief is not moot because he could be transferred back to Folsom State Prison.  <u>Id.</u> at 3-5.

11        A.  <u>Legal Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

12        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

13   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

15   <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  "'[T]he pleading must

16   contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

17   legally cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright &

18   Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).  "[A] complaint must

19   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

20   face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citing

23   <u>Twombly</u>, 550 U.S. at 556).

24   _____

25   [1] Defendants request that the court take judicial notice of the proceedings in <u>Howze I</u>.  ECF No.
     24-2.  That request will be granted.  <u>United States ex rel. Robinson Rancheria Citizens Council v.</u>
26   <u>Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in
     other courts, both within and without the federal judicial system, if those proceedings have a
27   direct relation to matters at issue." (citation and internal quotation marks omitted)) (collecting
     cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate
28   determination by sources whose accuracy cannot reasonably be questioned).

3

1    In reviewing a complaint under this standard, the court must accept as true the allegations

2    of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976)

3    (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and

4    resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)

5    (citations omitted).

6        B.  Issue Preclusion

7            i.    Legal Standard

8        "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion,

9    which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008)

10   (footnote omitted).  "Issue preclusion . . . bars 'successive litigation of an issue of fact or law

11   actually litigated and resolved in a valid court determination essential to the prior judgment,' even

12   if the issue recurs in the context of a different claim." Id. (quoting New Hampshire v. Maine, 532

13   U.S. 742, 748-49 (2001)).  "For issue preclusion to apply, four conditions must be met: '(1) the

14   issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in

15   the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the

16   issue was necessary to decide the merits.'" Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir.

17   2019) (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012)).

18           ii.   Howze I

19       In Howze I, plaintiff alleged that the California Department of Corrections and

20   Rehabilitation (CDCR) violated his rights under the Eighth Amendment and ADA when it denied

21   him reasonable accommodations for his BPH in the form of single-cell housing, use of a Foley

22   catheter during transports, and priority restroom access.  ECF No. 24-2 at 4-30.  The alleged

23   violations occurred while plaintiff was housed at California Men's Colony and Folsom State

24   Prison (id. at 11), and he sought general and special damages (id. at 31).  The CDCR moved to

25   dismiss the complaint, and the District Court for the Central District of California granted the

26   motion on the ground that the third amended complaint did not sufficiently allege intentional

27   discrimination under the ADA, leaving plaintiff unable to obtain money damages against the

28   CDCR.  Id. at 164-67, 171-72.  In recommending that the motion to dismiss be granted, the

4

1    magistrate judge further noted that plaintiff's Eighth Amendment claims arising from events that

2    took place at California Men's Colony had already been dismissed as frivolous, and that plaintiff

3    had been previously advised that claims arising from his incarceration at Folsom State Prison had

4    to be raised in the Eastern District of California.  Id. at 168.  The magistrate judge's findings and

5    recommendations were adopted, and the third amended complaint was dismissed with prejudice.

6    Id. at 171-72.

7         In determining that plaintiff had failed to sufficiently allege intentional discrimination

8    under the ADA, the court looked at whether the allegations demonstrated that the CDCR acted

9    with deliberate indifference.  Id. at 165.  The court in Howze I found that plaintiff had not

10   sufficiently alleged deliberate indifference because his claims that the CDCR failed to investigate

11   his requests for accommodation were belied by the record.  ECF No. 24-2 at 166-67.  In making

12   this determination as it related to plaintiff's request for single-cell housing, the court relied on

13   documentation related to a September 2016 decision by the Reasonable Accommodation Panel

14   and plaintiff's appeal of that decision.  Id. at 166 (citing Howze I, Exhibits to Third Amended

15   Complaint, ECF No. 83-1 at 25-26; ECF No. 83-3 at 1, 5, 7-8).[2]

16              iii.    Identical Issue

17        Defendants argue that both Howze I and the instant action challenge the 2016 decision

18   affirming that plaintiff's medical condition did not warrant single-cell status under CDCR policy.

19   ECF No. 31 at 2.  However, that is not the case.  While Howze I does indeed deal with the 2016

20   denial by the Reasonable Accommodation Panel, the instant action revolves around the October

21   30, 2014 denial of a single-cell assignment by the ICC.  While the issues may indeed be similar

22   because plaintiff is bringing the same type of claims, they are not identical because they arise out

23   of two separate incidents that occurred approximately two years apart and, with the exception of

24   defendant Sahota, appear to involve different individuals.  ECF No. 11 at 25-29; ECF No. 24-2 at

25   57.  The issues before the court in Howze I and this Court therefore arise from two separate

26   factual bases and are not identical.  It is therefore possible that the 2014 denial of a single-cell

27

28   [2]  Exhibits cited by the court in Howze I are located on the docket in this case at ECF No. 24-2 at
     57-58, 100, 104, 106-07.

5

1    accommodation in this case constitutes intentional discrimination, deliberate indifference to a

2    serious medical need, or both, while the denial in 2016 did not.

3                iv.    Actually Litigated

4          To the extent it appears that plaintiff attempted to raise an Eighth Amendment claim in

5    Howze I, the issue was not actually litigated with respect to individuals at Folsom State Prison.

6    Although the court in Howze I stated that plaintiff's Eighth Amendment claims as to individuals

7    at California Men's Colony had been dismissed as frivolous, it further held that his claims arising

8    from his incarceration at Folsom State Prison had to be brought in this district.  ECF No. 24-2 at

9    160-61, 168.

10         The undersigned further notes that while defendants argue that the court in Howze I held

11   that the denial of single-cell status did not constitute deliberate indifference to plaintiff's serious

12   medical needs (ECF No. 24-1 at 4), that is not an accurate portrayal of the holding in that case.

13   Rather, the court found that plaintiff had not shown deliberate indifference under the ADA, and

14   deliberate indifference under the ADA is not equivalent to deliberate indifference to a serious

15   medical need, though there may be occasions where the two overlap.

16         Deliberate indifference as it relates to a claim for intentional discrimination under the

17   ADA "requires both knowledge that a harm to a federally protected right is substantially likely,

18   and a failure to act upon that likelihood."  Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th

19   Cir. 2001) (citations omitted).  "When the plaintiff has alerted the public entity to his need for

20   accommodation . . . , the public entity is on notice that an accommodation is required, and the

21   plaintiff has satisfied the first element of the deliberate indifference test."  Id.  Once a request for

22   accommodation has been received, the public entity "is required to undertake a fact-specific

23   investigation to determine what constitutes a reasonable accommodation."  Id.  "A denial of a

24   request without investigation is sufficient to survive summary judgment on the question of

25   deliberate indifference."  Updike v. Multnomah County, 870 F.3d 939, 954 99th Cir. 2017)

26   (citing Duvall, 260 F.3d at 1140).

27         A showing of deliberate indifference under the Eighth Amendment requires plaintiff to

28   show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

6

could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted).

In finding the CDCR was not deliberately indifferent under the ADA based on the 2016 denial, the court in Howze I found that "the [third amended complaint's] allegations that the CDCR failed to inquire as to the need for the requested accommodations are contradicted by the record before the Court. Because Plaintiff's allegations in the [third amended complaint] are insufficient to state a claim of intentional discrimination under the ADA, dismissal is warranted." ECF No. 24-2 at 167. This is not the same as a finding that the CDCR was deliberately indifferent to a serious medical need. Accordingly, even if this Court found that Howze I barred plaintiff's ADA claim, which it does not, plaintiff's Eighth Amendment claim would not be barred because the issue was not previously litigated.

v. Conclusion

For the reasons set forth above, the undersigned cannot find that plaintiff's claims in this action are barred by the judgment in Howze I because the issues before the court are not identical to the issues in Howze I and were not actually litigated in Howze I.

C. Injunctive Relief

"[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility." Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). In the absence of a class action, an exception to the general rule on mootness exists "in cases that are 'capable of repetition, yet evading review.'" Murphy v. Hunt, 455 U.S.

7

478, 482 (1982) (per curiam).  This exception applies in situations where "(1) the challenged

action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2)

there [is] a reasonable expectation that the same complaining party [will] be subjected to the same

action again."  Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).

      The complaint seeks injunctive relief against officials employed at Folsom State Prison

based on plaintiff's lack of single-cell status at that prison.  ECF No. 11.  However, since

initiating this action, plaintiff has been transferred to Pelican Bay State Prison.  ECF No. 12.  In

response to defendants' argument that his claim for injunctive relief is now moot, plaintiff makes

only a conclusory assertion that there is a reasonable likelihood he will be transferred back to

Folsom State Prison.  ECF No. 30 at 4-5.  The mere possibility that plaintiff will be transferred

back to Folsom State Prison is not sufficient to demonstrate a "reasonable expectation or

demonstrated probability" of transfer such that his claim is not moot.  Murphy, 455 U.S. at 482

("The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy

the test stated in Weinstein.");  Darring, 783 F.2d at 876 (claim for injunctive relief moot after

plaintiff transferred to different prison);  Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir. 1985)

(possibility of transfer back to prison where claims arose not sufficient to overcome mootness).

Plaintiff's claims for injunctive relief are therefore moot and should be dismissed.

      D.  Damages Under the ADA

      Defendants incorrectly state that on screening "[t]his court found Plaintiff stated a claim

under the ADA against Defendants in their *official capacities*, which would allow him to recover

injunctive relief only."  ECF No. 24-1 at 2 (emphasis in original) (citing ECF No. 14 at 6-8).  In

screening the complaint, the court found that plaintiff could not bring individual capacity claims

against the defendants under the ADA and that he had explicitly stated that his ADA claims were

official capacity claims.  ECF No. 14 at 6-8.  The court did not find that plaintiff was therefore

limited to injunctive relief under the ADA.  Id.

      Compensatory damages are available under the ADA where the failure to accommodate is

the result of intentional discrimination.  Duvall, 260 F.3d at 1138.  Plaintiff can therefore bring a

claim for damages against defendants in their official capacities under the ADA.  See Kentucky v.

8

1  Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another

2  way of pleading an action against an entity of which an officer is an agent." (citation and internal

3  quotation marks omitted)); Daniel v. Levin, 172 F. App'x 147, 149 (9th Cir. 2006) ("[T]he

4  Eleventh Amendment does not bar ADA or RA suits against state officials in their official

5  capacities for injunctive relief or damages." (citing Phiffer v. Columbia River Corr Inst., 384 F.3d

6  791, 791-92 (9th Cir. 2004)).  Since plaintiff specifically seeks damages against defendants under

7  the ADA and he sufficiently alleged that he was subject to intentional discrimination, his ADA

8  claim for damages should proceed.

9       IV.    Motion to Strike

10       After defendants Grout, Neuschmid, and Orozco filed their reply in support of their

11  motion for summary judgment (ECF No. 31), plaintiff filed a "Supplemental Opposition," or a

12  sur-reply (ECF No. 32).  Defendants move to strike the sur-reply on the ground that it is

13  unauthorized.  ECF No. 35.

14       Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of

15  a sur-reply and the court did not request nor did plaintiff seek leave to file a sur-reply.  Because

16  the sur-reply addresses whether plaintiff's claim for injunctive relief is barred by the class action

17  in Armstrong, an issue which the court does not reach, nothing in the sur-reply compels the court

18  to authorize its filing and defendants' motion to strike will therefore be granted.

19       V.    Conclusion

20       The complaint is not barred by Howze I, and the motion to dismiss on that ground should

21  be denied.  However, plaintiff's claim for injunctive relief should be denied as moot.  Defendants

22  motion to strike is granted.

23       Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike (ECF No. 33)

24  is granted and the Clerk of the Court is directed to strike plaintiff's supplemental opposition (ECF

25  No. 32) from the record.

26       IT IS FURTHER RECOMMENDED that:

27       1.  Defendants' motion to dismiss (ECF No. 24) be granted as to plaintiff's claim for

28  injunctive relief and denied in all other respects.

9

2. If these findings and recommendations are adopted, defendants be required to file an answer to the complaint within twenty-one days of any such order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE