UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>            Plaintiff,<br><br>    v.<br><br>A.B. OROZCO, et al.,<br><br>            Defendants. | No. 2:16-cv-1738 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, is seeking relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Defendant Sahota has answered the complaint,[1] ECF No. 50, and will be subject to the deadlines set forth in the February 24, 2020 discovery and scheduling order, ECF No. 47. Also before the court are plaintiff's motion for extension of time to file a reply to defendants' answer, ECF No. 49, and motion for partial summary judgment, ECF No. 48.

Rule 12 of the Federal Rules of Civil Procedure provides that "[a] party must serve a reply to an answer within 21 days **after being served with an order to reply**." Fed. R. Civ. P. 12(a)(1)(C) (emphasis added). The Rule contemplates a reply only if ordered by the court, and

---

[1] The court notes that Sahota's answer was filed nearly three weeks after the court ordered deadline and was filed without any request to allow untimely filing or explanation for the untimeliness. Although the court will not issue any sanctions at this time, Sahota is cautioned that further failures to comply with court deadlines may result in sanctions.

this court has not ordered plaintiff to file a reply and sees no reason to do so. Plaintiff's motion for an extension of time to reply to defendants' answer will be therefore denied. If plaintiff proceeds with filing a reply, it will be disregarded.

With respect to plaintiff's motion for summary judgment, the motion is defective because the statement of facts does not comply with Federal Rule of Civil Procedure 56(c)(1) or Local Rule 260(a), both of which require each fact to be supported by citations to specific evidence in the record. The motion will therefore be denied without prejudice to re-filing a motion that complies with the rules. However, the court notes that discovery just began in this case, and plaintiff is cautioned that if he re-files his motion prior to completion of discovery, it may be subject to dismissal as premature if defendants assert that they have not had sufficient time to conduct discovery to respond to the motion. See Fed. R. Civ. P. 56(d).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The deadlines and requirements set forth in the February 24, 2020 discovery and scheduling order, ECF No. 47, shall also apply to proceedings between plaintiff and defendant Sahota.

2. Plaintiff's motion for an extension of time, ECF No. 49, is denied.

3. Plaintiff's motion for partial summary judgment, ECF No. 48, is denied without prejudice to a motion that complies with Federal Rule of Civil Procedure 56 and Local Rule 260.

DATED: March 9, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE