UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>    Plaintiff,<br><br>    v.<br><br>A.B. OROZCO, et al.<br><br>    Defendants. | No. 2:16-cv-1738 JAM AC P<br><br><br>ORDER |

    Plaintiff has filed a motion to expand the court's May 20, 2020 order modifying the discovery and scheduling order. ECF No. 58. He argues that because defendants were granted an extension of time for discovery and dispositive motions due to COVID-19 (ECF No. 57), he should be granted one as well. ECF No. 58 at 1-3. For the reasons set forth below, plaintiff's request for an extension will be denied.

    Plaintiff seeks the same extensions he believes were provided to those defendants represented by the Attorney General's Office—an extension to make discovery requests until October 19, 2020; an extension to file motions to compel until November 19, 2020; and an extension to file dispositive motions until January 11, 2021. ECF No. 58 at 2-3. However, plaintiff misunderstands the extensions granted by the court. The May 20, 2020 order extended discovery until October 19, 2020, solely for the purpose of taking plaintiff's deposition. ECF No. 57. This means that all defendants, regardless of their representation, have until October 19,

1  2020, to depose plaintiff.  The order does not extend discovery in any other manner.  Similarly,

2  all defendants were given until November 19, 2020, to file motions to compel related to plaintiff's

3  deposition.  Id.  The order did not extend the deadline for motions to compel as to any other type

4  of discovery.  Finally, the extension of the deadline to file dispositive motions until January 11,

5  2021, applied to all parties.  Id.

6      Despite plaintiff's contention that he too is suffering delays due to COVID-19, he fails to

7  provide good cause as to why his request for extension should be granted.  The deadline for

8  submitting requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by

9  written question), 33 (interrogatories), 34 (production of documents), and 36 (admissions) was

10 April 20, 2020 (ECF No. 47 at 5), and plaintiff does not provide any reason why he failed to file a

11 motion to extend the deadline prior to its expiration.  He also fails to explain what types of

12 additional discovery requests he wishes to make, or what other currently outstanding discovery

13 disputes he would need to resolve that are not covered by the currently pending motion to compel.

14 Contrary to plaintiff's apparent argument, a pending motion to compel does not warrant

15 extending the deadline to request further discovery.  If the motion is granted, discovery will be re-

16 opened as needed for the limited purpose of ensuring plaintiff is provided any supplemental

17 discovery responses ordered, and for plaintiff to pursue sanctions if defendants fail to comply

18 with the order compelling discovery.  Accordingly, his request for an extension of time as to

19 discovery will be denied.

20     As to plaintiff's request for an extension of time to file dispositive motions, as clarified

21 above, the deadline for dispositive motions was extended for both plaintiff and defendants.

22 Plaintiff, like defendants, has until January 11, 2021, to file such motions and the request for an

23 extension is therefore moot.

24     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time

25 (ECF No. 58) is denied.

26 DATED: June 23, 2020

27     ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

28