UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>  Plaintiff,<br><br>  v.<br><br>A.B. OROZCO, et al.,<br><br>  Defendants. | No. 2:16-cv-1738 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 has filed a motion to compel (ECF No. 59), a motion for partial summary judgment (ECF No. 70), a motion to amend the first amended complaint (ECF No. 71), motions disputing the court's modifications of the scheduling order (ECF Nos. 77, 79), and a motion for leave to file a memorandum (ECF No. 78). The motion for leave to amend (ECF No. 71) will be addressed separately by Findings and Recommendations to the district judge. As all other pending matters involve discovery or scheduling, they are resolved by this order.

I.   Motion to Compel

  A.  Legal Standard

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within

1

1 this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled production. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

B. Discussion

On June 15, 2020, plaintiff filed this motion to compel defendants to produce documents as requested in his March 23, 2020 and May 10, 2020 requests. ECF No. 59. Specifically, plaintiff stated that defendants Grout, Neuschmid, and Orozco in particular failed to respond in any way. Id. at 1. Defendants Grout, Neuschmid, and Orozco filed a notice explaining that they received an extension of time, and timely served responses on June 1, 2020. ECF No. 55; ECF

No. 63 at 5-7.  Plaintiff acknowledged his receipt of timely serves responses, and withdrew the motion as to defendants Grout, Neuschmid, and Orozco.  ECF No. 62.

      Defendant Sahota objected to each of plaintiff's requests for production in their entirety, and did not provide plaintiff with any substantive responses.  ECF No. 59, Ex. E, 62-67.  Plaintiff contends here that the objections are improper.  ECF No. 59 at 4.   Sahota file an opposition to the motion to compel, arguing that each objection was stated clearly.  ECF No. 66 at 1.  Defendan'ts objections are addressed seriatim.

      a. <u>Compound Requests</u>

      Sahota objected to plaintiff's requests for admission 1-7, 9-29, 32, and 35 on the ground that they are compound and defendant therefore should not be required to respond.  ECF No. 59 at 65-67.  These objections are overruled.  Defendant can respond to each component of plaintiff's requests, and will be ordered to do so.

      b. <u>Ambiguous Requests</u>

      Sahota objected to plaintiff's requests for admission 11-16, 20-24, 26-28, 30, 35 on the basis of ambiguity.  These objections are overruled as defendant did not specify what was ambiguous about the requests.  Unexplained, boilerplate objections are inadequate and will not be upheld.  <u>See</u> <u>A. Farber & Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  Sahota's attempt to cure this deficiency in his opposition to the motion to compel comes too late.  Moreover, plaintiff's letters to counsel appear to show that plaintiff attempted to resolve ambiguities where counsel claimed something was unclear.  <u>See</u> ECF No. 59 at 48-49.  These requests are perfectly amenable to reasonable construction, and defendant will be ordered to respond to the best of his ability.

      c. <u>Requests for Admission 8 & 25</u>

      Sahota objects that these requests are overbroad as they "do[] not specify which portion of Chapt. 5, Art. 46 is referred to."  ECF No. 59 at 65-66.  The court finds that plaintiff sufficiently identified the applicable portions of the CDCR Department Operations Manual (DOM).  Plaintiff is permitted to refer to the entire chapter of the DOM and need not identify a specific section.  Moreover, plaintiff's letter to counsel directly states that he intended to refer to the article "in its

3

entirety." Id. at 49.  In Sahota's response, he states that plaintiff "does not identify which version of the DOM he refers to."  ECF No. 66 at 4.  It is evident to the court that plaintiff refers to the version in place at time the decision was made.  Sahota's objections regarding these requests are overruled.

### d. Requests for Admission 31-32

In request for admission 31, plaintiff states: "committee actions are 'agreed on [mutually]' prior to commencement of the given hearing.  (CCR § 3375(F)(7)."  Request 32 states: "the '[mutually] agreed on' action of ICC 1 & 2 was to deny affixation of the 's' suffix sought by me."  ECF No. 59 at 20.  Sahota objects on the basis that the citation to the Cal. Code of Regulations citation is incomplete.  Id. at 67.  Title 15 of the California Code of Regulations governs CDCR.  These objections are overruled.

### e. Request for Admission 33

Sahota objects, stating that "[t]he request is incomprehensible."  ECF No. 59 at 67.  The court disagrees.  It is evident to the court that plaintiff is asking for an admission that he partially prevailed at the second level of review in appeal FSP14-01044 and that after that on 10/30/14 he was denied an "S" suffix.  Accordingly, this objection is overruled.

### f. Request for Admission 34

Plaintiff's request states "medical 'retracted' its (initial) recommendation (only) after FSP14-01044 was partially granted."  ECF No. 59 at 21.  Sahota objects stating that "the citation to the Cal. Code of Regulations is incomplete."  ECF No. 59 at 67.  There is no citation to the California Code of Regulations in this request, and the objection is therefore overruled.

### g. Interrogatories and Requests for Production 1, 3-6

Plaintiff served Sahota with a document titled "Plaintiff's 1st Interrogatories & Request for Production of Documents for Defendant."  ECF No. 59 at 12.  Sahota objects to plaintiff's requests 1, and 3-6 solely on the basis that the requests "impermissibly combine[] an interrogatory and a request for production."  Id. at 62-63.  While plaintiff should have prepared his requests for production separately from the interrogatories, these requests are easily separated.
////

Because Sahota makes no other objections, he will be required both to provide answers and to produce documents. The objections are overruled.

### h.   Interrogatories and Requests for Production 2, 7, 9-10

With regard to interrogatories 2, 7, 9-10, Sahota does not object but says that "[i]nvestigation continues on the matter and the response will be supplemented." ECF No. 59 at 62.  Sahota states that further responses will be made as to interrogatories 7, 9, and 10.  Within 21 days of this order, Sahota is required supplement his response with an answer to each of these interrogatories if he has not yet done so, and is also required to file a declaration with the court as to the status of his answers.

### i.   Interrogatories and Requests for Production 8

Plaintiff asks Sahota to "[s]tate the 'needs' – along with the 'injuries' suffered by me: namely, as a consequence of double housing – of which you are aware at the time that you 'elected to not affix an 's' suffix to my custody designation." ECF No. 82-2 at 3.  Sahota objects on the basis that "the interrogatory is vague as to what part(s) of Ch. 5, Art 14 are referred to." ECF No. 82-1 at 2.  The court does not see any reference to Article 14 within plaintiff's request. Plaintiff's sixth request, which Sahota objects to solely on the basis that it impermissibly an interrogatory and request for production, is, "state the reason CDCR, DOM, Chapter 5, Article 46 – Inmate Housing Assignments – was not adhered to at ICC. . . ." ECF No. 82-2 at 2.  Assuming Sahota is objecting to this,[1] his objection is overruled as plaintiff if permitted to ask why a general section of the article was not followed.

### j.   Interrogatories and Requests for Production 11-12

Plaintiff's interrogatory and request for production 11 reads: "[s]tate the reason I was housed on a double cell basis . . . even though I was in possession of a single cell accommodation chrono.  Produce the 'FSP Alpha Roster' from '1.1.2014 to 12.12.2017." ECF No. 82-2 at 3. Plaintiff's interrogatory and request for production 12 reads: "[s]tate the name & title of the FSP

---

[1] The court cautions defendant Sahota to review his responses to plaintiff as well as his filings with the court.  The court noted several discrepancies between Sahota's objections and the requests plaintiff served on Sahota.

5

official responsible for maintaining the FSP alpha roster." Id.  Defendant objects to each of these interrogatories, stating that "the interrogatory is compound, and further assumes unsubstantiated facts, specifically, any cause of 'injuries' or 'needs.'"  ECF No. 82-1.

The court finds Sahota's objections baseless and they are accordingly overruled.  Sahota will be required to respond.

In the event these objections are mislabeled and are intended to refer to plaintiff's interrogatory and request for production 8 and 9, Sahota is still required to respond to this request as interpreted by the court: as plaintiff's request that defendant state what needs (if any) plaintiff had that required plaintiff to have a single cell designation, and what injuries he suffered as a result of being double housed instead.

### k. Interrogatories and Requests for Production 13-15

Plaintiff's interrogatory and request 13 says, "state the name & title of the FSP official responsible for FSP Inmate Housing Assignments."  ECF No. 82-3 at 3.  Sahota objects on the grounds that "the interrogatory is vague as to which inmate on the attached roster are referred to, and to the extent it requires an interpretation of every listing, it is overbroad.  To the extent this objection is meant for interrogatory and request 13, it is overruled.  Similarly, it does not appear that Sahota's objections 14 or 15 correspond to plaintiff's interrogatories and requests.  The court will not engage in a guessing game as to the subject of Sahota's objections.  Accordingly, the objections are overruled.

### l. Interrogatories and Requests for Production 16-17

Plaintiff objects to each of these interrogatories and requests for production on the basis that the interrogatory is "vague and overbroad."  ECF No. 82-1 at 2.  These objections are overruled as defendant did not specify what was vague or overbroad about the requests.  See A. Farber & Partners, Inc., 234 F.R.D. at 188 (unexplained boilerplate objections are improper).  To the extent Sahota attempts to cure this deficiency in his opposition to the motion to compel (see ECF No. 66 at 8-9), the explanation comes too late.  The interrogatories and requests for production are amenable to reasonable construction, and defendant must respond in good faith.

////

                              m.    Interrogatories and Requests for Production 18-19

Plaintiff's interrogatories and requests do not include requests 18 and 19.  Defendant Sahota's objections are therefore overruled.

       II.       Motion for Reconsideration

On October 5, 2020, plaintiff filed a request for reconsideration of the magistrate judge's order filed September 22, 2020, modifying the scheduling order and extending time for defendants to oppose plaintiff's motion for summary judgment.  ECF No. 77.  The request for reconsideration is expressly directed to the undersigned.  Id. at 1.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Reconsideration is not, however, to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.

The court has reviewed plaintiff's motion and the prior order, and finds that plaintiff has not presented any facts or circumstances warranting reconsideration.  The motion therefore will be denied.

       III.      Miscellaneous Requests for Relief

On October 13, 2020, plaintiff filed a motion to file a reply to defendants' opposition to plaintiff's motion to compel.  ECF No. 78.  Plaintiff subsequently filed a memorandum on November 2, 2020.  ECF No. 81.  The court has considered plaintiff's untimely filing and accordingly, plaintiff's motion to file the memorandum will be denied as moot.

On October 23, 2020, plaintiff filed a motion for relief from this court's order modifying the scheduling order. ECF No. 79. The court previously extended the time for defendants to take plaintiff's deposition after defendants submitted a declaration from counsel explaining that due to the ongoing COVID-19 pandemic and restrictions in place, more time was needed to obtain the deposition. ECF No. 73 at 5; ECF No. 74. Upon review of plaintiff's filing and the procedural history of the mater, the undersigned finds that the previously-granted extension of time to take plaintiff's deposition remains appropriate.

Because plaintiff's motion to compel is being granted, and because the court has extended the time in which his deposition may be taken, plaintiff's motion for partial summary judgment (ECF No. 70) is premature. Accordingly, it will be vacated without prejudice to renewal upon competition of discovery. The current dispositive motion deadline will also be vacated, to be rest upon completion of the discovery here ordered and previously authorized.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel responses to plaintiff's requests for admission and interrogatories and requests for production (ECF No. 59) is GRANTED;

2. Within 21 days of this order, defendant Sahota shall supplement his response with an answer to each of these interrogatories, requests for admission, and requests for production if he has not done so yet, and is also required to file a declaration with the court as to the status of his answers;

3. Within 30 days of this order, plaintiff may file a renewed motion to compel if any of the instant discovery disputes remain unresolved;

4. Plaintiff's motion for partial summary judgment (ECF No. 70) is vacated without prejudice pending the resolution of discovery. Plaintiff may file a new motion for summary judgment after discovery closes, or he may renew his prior motion for summary judgment by filing a notice saying that he is re-filing it as of the date the notice is filed;

5. The current dispositive motions deadline is vacated and will be re-set once discovery is complete;

////

6. Plaintiff's motion to file a reply to defendants' opposition to plaintiff's motion to amend the first amended complaint (ECF No. 78) is DENIED as moot;

7. Plaintiff's motion for reconsideration (ECF Nos. 77) is DENIED;

8. Plaintiff's motion for relief from the court's scheduling order (ECF No. 79) is DENIED.

DATED: November 19, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE