1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   J.L. HOWZE,                              No.  2:16-cv-1738 JAM AC P

12                Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   A.B. OROZCO, et al.,

15                Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983, has filed a motion to amend the first amended complaint.  ECF No. 71.  Defendants

19   oppose plaintiff's motion.  ECF Nos. 75, 76.

20          I.      Background

21          Plaintiff initiated this action on July 25, 2016, ECF No. 1, and filed the operative first

22   amended complaint (FAC) on May 23, 2017.  ECF No. 11.  Plaintiff's FAC alleged that

23   defendants Orozco, Grout, Neuschmid, and Sahota are liable under the Eighth Amendment for

24   deliberate indifference to plaintiff's serious medical needs.  Plaintiff further alleged violations of

25   the ADA and the Due Process Clause of the Fourteenth Amendment, and also brought a state tort

26   claim for fraud.

27          Plaintiff stated in his FAC that he suffers from benign prostatic hyperplasia.  ECF No. 11

28   at 7-8.  He explained that his symptoms include an "(i) inability to await restroom access; (ii)

                                             1

High Frequency urination; and (iii) blood loss/vessel rupture . . . concomitant with bladder distention." Id. at 10 (alteration in original and internal quotation marks omitted).  Plaintiff provided two Comprehensive Accommodation Chronos, one-page documents filled out by a physician detailing what accommodations, if any, are required due to a prisoner's medical conditions.  Id. at 5-6, 22-23.  In the first Chrono, dated June 13, 2014, the physician wrote that plaintiff required a single-cell placement on a permanent basis.  Id. at 22.  In the second Chrono, dated June 25, 2014, another physician also determined that plaintiff needed a single cell, but marked the "temporary" box rather than permanent, noting that the need should be reassessed in twelve months.  Id. at 23.

Plaintiff provided further documentation detailing the Institutional Classification Committee (ICC) hearing that took place on October 30, 2014, at which he claims that he was denied single cell status in complete disregard of the Chronos.  Id. at 4-6, 28.  The report stated that defendant Sahota was present during the hearing and noted plaintiff's medical concerns, but stated that a single cell was not necessary or recommended by medical staff.  Id. at 28.  Plaintiff alleged that Sahota was pressured into disregarding the Chronos and that, immediately prior to this hearing, he overheard defendant-committee members Grout, Orozco, and Neuschmid coaching defendant Sahota to factor medical concerns out of the decision-making process.  Id. at 4, 6.

Plaintiff alleged that as a result of his placement in a double cell, he experiences daily episodes of distended bladder, vessel rupture, and agonizing pain, resulting in permanent damage to his bladder.  Id. at 11.  He also stated that he suffered an inguinal hernia in August 2016 as a result of straining-related trauma.  Id.  Plaintiff asked the court for injunctive relief in the form of single-cell status, as well as compensatory, exemplary, and special damages.  Id. at 17.

On September 17, 2018, the court screened plaintiff's FAC and determined that plaintiff's deliberate indifference, conspiracy, and ADA claims against defendants Orozco, Grout, Neuschmid, and Sahota could proceed, and defendants were required to respond to that part of the complaint.  ECF No. 14 at 10.  The court determined that plaintiff's fraud and due process claims did not state claims for relief and recommended they be dismissed without leave to amend.  Id. at

2

1    11.  The district judge adopted the recommendations on December 11, 2018.  ECF No. 23.

2           On January 30, 2019, defendants filed a motion to dismiss arguing that the court should

3    dismiss plaintiff's ADA and Eighth Amendment claims and further arguing that plaintiff's ADA

4    claim for injunctive relief is moot against officials at Folsom State Prison because he was

5    transferred to a different prison.  ECF No. 24-1 at 3-7.  On September 26, 2019, the undersigned

6    recommended that defendants' motion be granted as to plaintiff's claim for injunctive relief and

7    denied in all other aspects.  ECF No. 36.  The district judge adopted the recommendation.  ECF

8    No. 45.

9           On February 24, 2020, the court issued a discovery and scheduling order.  ECF No. 47.

10   Over six months later, on September 8, 2020, plaintiff filed the instant motion to amend his

11   complaint along with a proposed second amended complaint.  The proposed SAC is largely

12   identical to the FAC, except it adds a claim that defendants Orozco and Grout violated plaintiff's

13   rights under the ADA at a classification hearing on July 24, 2014 by not allowing a clinician to be

14   present.  ECF No. 72 at 13-14.  Defendants oppose plaintiff's motion, arguing that because

15   discovery is nearly complete, allowing expansion of the scope of the action would prejudice

16   defendants and delay the resolution of this case.  ECF No. 75 at 1.

17           II.    Standards Governing Amendment

18           Pursuant to Rule 15, "leave to amend should be granted unless amendment would cause

19   prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Johnson

20   v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citing DCD Programs, Ltd. v.

21   Leighton, 833 F.2d 180, 185-87 (9th Cir. 1987)).  "Late amendments to assert new theories are

22   not reviewed favorably when the facts and the theory have been known to the party seeking

23   amendment since the inception of the cause of action."  In re W. States Wholesale Natural Gas

24   Antitrust Litig., 715 F.3d 716, 739 (9th Cir. 2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc.,

25   135 S. Ct. 1591 (2015) (citation omitted).

26           III.   Discussion

27           The court finds that plaintiff had knowledge of the facts relevant to his only new theory at

28   the time he initiated this action.  Plaintiff's sole proposed addition to the complaint is the claim

3

that defendants are liable under the ADA because a clinician was not present at a July 24, 2014 classification hearing.  ECF No. 72 at 13-14.  Plaintiff acknowledged that the "record reflects" these facts, and they have previously "been alleged."  Id. at 14.  Moreover, plaintiff attached to his FAC a declaration referencing the July 2014 hearing and expressing how he felt this hearing was not conducted fairly.  ECF No. 11 at 42.  Accordingly, it cannot be disputed that plaintiff was aware of the facts underlying this claim at the time he commenced the action.

Plaintiff cannot, now, four years after initiating the action, and after discovery is nearly complete, amend his complaint to assert a cause of action from an event in 2014.  See Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (affirming district court where request to amend complaint was raised at the eleventh hour, after discovery was virtually complete).  By not previously bringing this cause of action, plaintiff has unduly delayed seeking amendment. Furthermore, the court finds that amendment at this late stage would unfairly prejudice defendants, by requiring them to prepare another answer and reengage in discovery about an issue outside the scope of the discovery previously accomplished or contemplated.  Moreover, the need to conduct additional discovery would delay the progress of this 2016 case toward dispositive motions.

Accordingly, the undersigned recommends plaintiff's motion to amend the first amended complaint (ECF No. 71), be denied and the proposed amended complaint be stricken.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 71) be DENIED; and

2.      The Clerk of the Court be directed to strike plaintiff's proposed Second Amended Complaint (ECF No. 72) from the record.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

4

objections shall be served and filed within fourteen days after service of the objections.  The
parties are advised that failure to file objections within the specified time may waive the right to
appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATE: November 19, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5