UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>    Plaintiff,<br><br>    v.<br><br>A.B. OROZCO, et al.,<br><br>    Defendants. | No. 2:16-cv-1738 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendant Grout, Neuschmid, and Orozco's motion to compel plaintiff's deposition, ECF No. 95, and plaintiff's motions to compel discovery responses from defendant Sahota, ECF Nos. 97, 106.

I.      Defendants' Motion to Compel

Defendants Grout, Neuschmid, and Orozco have filed a motion to compel plaintiff to attend and participate in his deposition. ECF No. 95. Plaintiff has not responded to the motion.

Defendants allege that plaintiff's deposition was originally set for November 17, 2020, and defendants sent notice one month in advance. ECF No. 95 at 3. Due to a COVID-19 outbreak, the deposition was rescheduled to December 29, 2020, and notice of the rescheduled deposition was served on December 9, 2020. Id. On December 14, 2020, plaintiff's correctional counselor delivered another copy of the notice to plaintiff. Id. However, on the day of plaintiff's

1

deposition, he refused to proceed and stated that he had not received adequate notice of the deposition until that day.  Id.  Plaintiff expressed objections to proceeding and refused to agree to call the undersigned to attempt to resolve the issues or to reschedule the deposition.  Id.

The transcript from the attempted deposition reflects that plaintiff objected on the ground that the court did not grant leave for his deposition to be taken, ECF No. 95-1 at 25-26 (PL's Depo at 6:24-7:2), and that he received 372 pages of documents about thirty minutes prior to the deposition and was not given sufficient time to review them, id. at 26 (PL's Depo at 7:3-8).  He also stated that he intended to seek a protective order to suspend the deposition until he had a chance to review the documents and to confirm other matters with defendant Sahota's counsel. Id. (PL's Depo at 7:9-16).

Plaintiff's objections are without merit.  As it appears defendants' counsel advised plaintiff, the February 24, 2020 Discovery and Scheduling Order authorized defendants to take plaintiff's deposition under Federal Rule of Civil Procedure 30(a) either in person or by videoconference.  ECF No. 47 at 5.  With respect to the documents provided, it appears that defense counsel explained to plaintiff that they were only potential exhibits and that if they were used, plaintiff would be provide an opportunity to review them at that time.  ECF No. 95-1 at 27 (PL's Depo at 8:8-14).  As defendants argue, they were not under any obligation to provide plaintiff with their potential exhibits in advance and providing plaintiff with all the potential exhibits was a reasonable method for avoiding complications related to showing exhibits over video and allowed plaintiff to maintain a copy.  Finally, any disputes plaintiff may have had with defendant Sahota regarding responses to plaintiff's discovery requests had no bearing on plaintiff's ability or obligation to participate in his deposition.

Because plaintiff has not offered any legitimate reason why he should not be required to submit to a deposition, the motion to compel will be granted.  Defendants will be given another opportunity to depose plaintiff and plaintiff must participate fully in the deposition.  Plaintiff is warned that if he fails to participate in the deposition, it will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

II.     Plaintiff's Motions to Compel

By order filed November 20, 2020, defendant Sahota was ordered to supplement his responses to discovery and notify the court of his compliance within twenty-one days, and plaintiff was given thirty days to file a renewed motion to compel if any of the discovery disputes remained unresolved. ECF No. 83 at 8. After Sahota failed to file the required notice, he was ordered to show cause why sanctions should not issue, ECF No. 86, and his deadline to comply was ultimately extended to January 8, 2021, ECF No. 88. Plaintiff was then given until January 22, 2021, to file a renewed motion to compel if any of the discovery disputes remained unresolved. Id.

On January 8, 2021, defendant Sahota filed a notice that his supplemental responses to discovery had been served. ECF No. 89. A few days later, the court received plaintiff's motion to compel in which he claimed that the disputes addressed in the November 20, 2020 order remain unresolved, ECF No. 91, but the motion was denied as premature because it had been mailed before Sahota's deadline expired, ECF No. 94. Plaintiff was given a brief extension of his deadline to file a motion to compel in the event he believed the responses served on January 8, 2021, were deficient, id., and on February 4, 2021, the court received plaintiff's motion to compel, which stated that he would like to revisit his June 15, 2020 motion to compel, ECF No. 97. Sahota responded by affirming that his responses were served on January 8, 2021, and that he would re-serve them no later than February 8, 2021, when counsel returned to his office. ECF No. 98. Plaintiff was then ordered to clarify for the court whether he did not receive the supplemental responses from defendant Sahota or whether he received responses and believed they were deficient, because the court was unable to rule on the motion to compel without the additional information. ECF No. 99 at 2. He was further advised that in the event he had received the responses and believed them to be deficient, he was required to specifically identify which responses he believed were deficient and why. Id.

Plaintiff proceeded to file a declaration stating that he did not receive any supplemental responses from defendant Sahota until February 8, 2021. ECF No. 101 at 1-2. However, while he received responses to his requests for admission, which he argued were deficient due to being

untimely, his interrogatories have not been responded to at all.  Id.  An attached letter sent to Sahota's counsel clarifies that instead of receiving the responses to the interrogatories, plaintiff received two copies of the responses to the requests for admission.  Id. at 10.  Sahota responded by stating that counsel's records show responses to both the interrogatories and requests for admission were served on January 8, 2021, and then re-served on February 6, 2021, and that another copy of the interrogatory responses was being served on plaintiff by attaching it to the response.  ECF No. 102 at 1; ECF No. 102-1.

Since it did not appear that plaintiff received a copy of the supplementary responses to his interrogatories when he received the responses to his requests for admission, he was be given an opportunity to raise any discrepancies with the responses.  ECF No. 103.  Plaintiff then filed a motion to compel in which he stated that defendant Sahota had not responded to his second set of interrogatories within the required thirty-day period.  ECF No. 106.

With respect to plaintiff's requests for admission, the only objection plaintiff has raised is that they were received after January 8, 2021.  ECF No. 101 at 1-2.  However, as has already been addressed, "[s]tanding alone, the fact that plaintiff did not receive defendant Sahota's responses to discovery that were served on January 8, 2021, is not sufficient to demonstrate that Sahota did not in fact serve his responses on that date, as demonstrated by counsel's declaration (ECF No. 89)."  ECF No. 107 at 1.  Therefore, since plaintiff's only objection to the supplemental responses to his admissions is related to timeliness, the motion to compel is denied as to the requests for admission.

With respect to the interrogatories, plaintiff has stated that Sahota has not responded to his second request for interrogatories within thirty days and attaches a copy of interrogatories that were served on March 2, 2021.  ECF No. 106.  It therefore appears that the motion to compel is unrelated to the supplemental responses Sahota was ordered to provide.  The deadline for serving interrogatories was April 20, 2020.  ECF No. 47 at 5.  Accordingly, plaintiff's requests were untimely and Sahota was under no obligation to respond.  To the extent plaintiff's motion is related to the supplemental responses, the timeliness issue has already been addressed, and it does

////

not specifically identify the deficiencies with the responses as required. The motion will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's deposition, ECF No. 95, is GRANTED. Within forty-five days of the service of this order, defendants may take plaintiff's deposition, either in person or by videoconference. Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition. If plaintiff refuses to participate in his deposition, defendants may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

2. Plaintiff's motions to compel, ECF Nos. 97, 106, are DENIED.

DATED: September 30, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE