UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>             Plaintiff,<br><br>      v.<br><br>A.B. OROZCO, et al.,<br><br>             Defendants. | No.  2:16-cv-1738 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions to amend the complaint (ECF No. 110), to serve discovery (ECF No. 114), to strike defendants' opposition (ECF No. 119), for partial summary judgment (ECF No. 117), and for judicial notice and subpoena (ECF No. 125). Also before the court are defendants' motions to deny plaintiff's summary-judgment motion as premature (ECF No. 115), set a dispositive motions deadline (ECF Nos. 115, 132), and extend the time for responding to plaintiff's motion for summary judgment (ECF Nos. 120, 132).

I.     Motion to Amend

Plaintiff has filed a motion to amend the complaint to request damages for emotional distress, mental anguish, and pain and suffering.  ECF No. 110.  Defendants Grout, Neuschmid, and Orozco filed an opposition to the motion (ECF No. 112), which defendant Sahota later joined

////

1

(ECF No. 113).[1]  Defendants oppose the motion on the grounds that plaintiff unnecessarily delayed seeking amendment and that amendment would prejudice defendants.  ECF No. 112.  They argue that if plaintiff is allowed to amend, the resolution of this case will be unduly delayed because they would need to re-open discovery in order to re-depose plaintiff regarding emotional distress damages, which he stated he was not seeking during his deposition.  ECF No. 112 at 2.  In reply, plaintiff filed a motion to strike the oppositions as "an insufficient defense."  ECF No. 119.  Defendants' Grout, Neuschmid, and Orozco oppose the motion to strike on the grounds that plaintiff identifies no grounds for striking their opposition and that the opposition was timely filed.  ECF No. 123.

     As an initial matter, defendants' oppositions are untimely.  Local Rule 230(l) provides that oppositions are due no more than twenty-one days after the date of service of the motion.  Plaintiff's motion to amend and proposed amended complaint are accompanied by a certificate of service that indicates they were served on November 4, 2021.  ECF No. 111 at 19.  Any opposition was therefore due no later than December 2, 2021.[2]  See Fed. R. Civ. P. 6(d) (where period of time to respond is based on date of service and service is made by mail, an additional three days is added after period would otherwise expire).  However, defendants' oppositions were not filed until December 6 and 8, 2021.  ECF Nos. 112, 113.  Regardless, due to the brief nature of the untimeliness, the oppositions will be considered and plaintiff's motion to strike will be denied for the reasons that follow.

     Plaintiff's proposed amended complaint is simply a copy of his first amended complaint with the first page and last two pages replaced.[3]  Compare ECF No. 11 at 1-18 with ECF No. 111.  As a result, the proposed amended complaint includes the fraud and due process claims that were previously dismissed without leave to amend.  See ECF Nos. 14, 23.  This pleading is

---

[1] Defendants Grout, Neuschmid, and Orozco are represented by separate counsel from defendant Sahota.
[2] Due to court holidays and the following weekend, twenty-one days would have expired on November 29, 2021, at which point an additional three days was added.
[3] The first page has been modified to reflect plaintiff's current address and that it is a proposed second amended complaint, ECF No. 111 at 1, while the last two pages contain the modified request for relief and updated signature and verification, id. at 17-18.

2

inconsistent with plaintiff's representation that he seeks only to amend his request for relief. The proposed amended complaint is improper insofar as it restores dismissed claims, and it is also an improper vehicle for requesting damages for emotional distress, mental anguish, and pain and suffering.

As for plaintiff's request to amend his request for relief, the undersigned will recommend the motion be denied. In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). Of the factors the district court must consider, "prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there is a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (citation omitted).

In the first amended complaint, plaintiff stated that he was seeking compensatory, exemplary, and special damages against defendants. ECF No. 11 at 17. The motion to amend states that during his deposition "it was (inadvertently) discovered by [plaintiff] that he is eligible for damages—to wit: for emotional distress, mental anguish, and pain & suffering—beyond those catalogued by him in the [first amended complaint]," and he seeks to amend the complaint accordingly. ECF No. 110 at 1. However, damages for emotional distress, mental anguish, and pain and suffering all fall within the category of compensatory damages. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988) ("The victim of the constitutional deprivation is entitled to compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations." (citing Carey v. Piphus, 435 U.S. 247, 257-64 (1978))). As a general matter, amendment to merely identify the breakdown of the categories of compensatory damages sought is thus unnecessary.

In this case, amendment is also inappropriate because of the procedural posture and plaintiff's previous sworn statements regarding damages. Defendants have submitted an excerpt of plaintiff's deposition transcript in which he states that he is not seeking compensatory damages for mental or emotional distress. ECF No. 112-1 at 6. To the extent plaintiff now seeks to retract that testimony and pursue damages he was not previously seeking, the motion should also be denied. If plaintiff were permitted to amend the complaint to allege damages for mental and emotional distress, amendment at this late stage would unfairly prejudice defendants because they would be required to seek to re-open discovery[4] on an issue that plaintiff explicitly disclaimed. See Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." (citation omitted)). Discovery in this case has already taken up an inordinate amount of time, both for reasons outside the parties' control and because of various discovery disputes, including plaintiff's unjustified initial refusal to be deposed. As defendants have pointed out, all that is left for the court at this time is to re-set the dispositive motions deadline, and re-opening discovery would delay progress toward the resolution of this 2016 case. The undersigned agrees that considerations of prejudice and delay weigh against amendment.

For all theses reasons, justice does not require amendment and plaintiff's motion should be denied.

II.   Motion to Serve Discovery

Plaintiff has filed a motion requesting leave to serve interrogatories and requests for production. ECF No. 114. Defendants oppose the motion. ECF Nos. 116, 118. The deadline for serving written discovery requests expired on April 20, 2020. ECF No. 47 at 5.

In considering whether to grant a motion to amend the scheduling order and re-open

---

[4] Discovery in this case largely closed on June 19, 2020. ECF No. 47 at 5. Due to the COVID-19 pandemic, the deadlines for taking plaintiff's deposition and filing any necessary motions to compel were twice extended. ECF Nos. 57, 74. Plaintiff then refused to participate in his deposition, leading defendants to file a motion to compel. ECF No. 95. The motion to compel was granted, ECF No. 109, and plaintiff's deposition was taken on October 26, 2021, ECF No. 112-1 at 4, thus bringing discovery to a close.

4

discovery, the court is to consider:

> "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)). It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

While trial has not yet been set in this case, defendants' opposition to the request, the fact that this case has been pending since July 2016, and the other factors for consideration weigh heavily against the re-opening of discovery. Plaintiff's request comes over nineteen months after the deadline for propounding written discovery, and he provides no explanation or justification as to why he did not pursue the discovery sought prior to the deadline or for why discovery should be re-opened. There is no evidence that plaintiff has been diligent in his efforts to efforts to obtain the requested discovery. Furthermore, the court is ready to re-set the deadline for dispositive motions, and re-opening discovery at this late stage would only serve to further delay resolution of this case and prejudice defendants. The request will therefore be denied.

III. Motion to Deny Plaintiff's Motion for Summary Judgment

Defendants Grout, Neuschmid, and Orozco have filed a motion requesting that the court deny plaintiff's January 1, 2021 motion for summary judgment (ECF No. 93) as premature. ECF No. 115. Shortly after it was filed, the court vacated the January 1, 2021 motion on the ground that it was premature. ECF No. 94. Defendants' motion will therefore be denied as moot.

IV. Motions for Extension of Time and to Set a Dispositive Motions Deadline

Defendants have filed motions requesting that the court set a deadline for dispositive

motions and that the deadline to respond to plaintiff's motion for summary judgment be extended to the dispositive motions deadline so that they may file a combined motion and response. ECF Nos. 115, 120, 132. In their latest motion, defendants propose a deadline of May 9, 2022. Good cause appearing, the motions will be granted.

V.   Request for Judicial Notice and Motion for Subpoena

Plaintiff has filed a request for judicial notice and motion for an order directing the Clerk of the Court to issue a subpoena. ECF No. 125. The request for judicial notice appears to relate to plaintiff's motion for summary judgment, though it was not filed until approximately one month later. Because it appears intended to support the motion for summary judgment, the court will consider the request for judicial notice at the same time it addresses the motion for summary judgment.

With respect to the request for a subpoena, it appears that plaintiff is seeking to subpoena the same documents he indicated he was seeking to obtain by re-opening discovery and that he is requesting that the court order the U.S. Marshal to serve the subpoena on the custodian of records at Folsom State Prison. Id. at 21-22. However, plaintiff has not demonstrated that the requested documents are relevant, nor has he shown that he could not have obtained these documents from defendants, had he requested them during the discovery period. As already noted, the time for propounding discovery requests has long since closed, and the court will not permit plaintiff to get around this deadline through the use of subpoenas. The motion for service of a subpoena will therefore be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to serve discovery requests (ECF No. 114) is DENIED.

2. Plaintiff's motion to strike (ECF No. 119) is DENIED.

3. Defendants' motion to deny plaintiff's motion for summary judgment as premature (ECF No. 115) is DENIED as moot.

4. Plaintiff's motion for service of a subpoena (ECF No. 125 at 21-22) is DENIED.

5. Defendants' motions to set a dispositive motions deadline and to extend their time to

file a response to plaintiff's motion for summary judgment (ECF Nos. 115, 120, 132) are GRANTED.  Defendants shall have until May 9, 2022, to file any motions for summary judgment and to respond to plaintiff's motion for summary judgment.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 110) be DENIED.

2. The Clerk of the Court be directed to strike the proposed second amended complaint (ECF No. 111) from the record.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE