UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE, | No. 2:16-cv-1738 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| A.B. OROZCO, et al., | |
| Defendants. | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a **video settlement conference, via the Zoom videoconferencing application**, on November 2, 2023, at 1:00 p.m.

The parties shall contact Courtroom Deputy Victoria Gonzales at (559) 499-5672 or vgonzales@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. If plaintiff does not have access to the internet or the Zoom videoconferencing application, he should notify the court as soon as possible.

The court expects that the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the

1

settlement conference as possible.

The parties shall each submit to Judge Boone a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The court puts the parties on notice that if plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

In light of the pending settlement conference, the parties' cross-motions for summary judgment will be vacated without prejudice to renewal in the event the settlement conference is not successful.  In the event the settlement conference is not successful, instructions on how to proceed will issue at that time.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The parties' cross-motions for summary judgment (ECF No. 117, 139, 145) are VACATED without prejudice to renewal in the event the settlement conference is unsuccessful.

2.  Plaintiff's motion to expedite his motion for summary judgment (ECF No. 159) is DENIED as moot.

3.  This case is stayed until thirty days following the settlement conference.

4.  The case is set for a **video** settlement conference, **via the Zoom videoconferencing application**, before Magistrate Judge Stanley A. Boone on **November 2, 2023, at 1:00 p.m.**

5.  A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **via the Zoom videoconferencing application**.

6.  Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.

7.  Defendants shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov**.  If plaintiff does not have access to the internet, he shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."**  The envelope shall be

marked "Confidential Settlement Statement."  Settlement statements shall arrive no later than **October 26, 2023**.  Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

       8. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

      a. A brief statement of the facts of the case.

      b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

      d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

      e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

      f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

       9. If a settlement is reached at any point during this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

       10. The parties remain obligated to keep the court informed of their current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  <u>See</u> L.R. 182(f).

////

**11. A failure to follow these procedures may result in the imposition of sanctions by the court.**

12. Judge Boone or another representative from the court will be contacting the parties by telephone, approximately two weeks prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

DATED: September 28, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE